UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCCLENDON, on behalf of herself and others similarly situated, | : | Case No. 1:08CV1189 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| CHALLENGE FINANCIAL INVESTORS CORP, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

This matter arises on Plaintiff Jacqueline McClendon's ("McClendon") motion to remand (Doc. 17). On July 11, 2008, the Court referred this matter to Magistrate Judge Greg White for preparation of a Report and Recommendation ("R&R") regarding McClendon's motion to remand and to oversee jurisdictional discovery. (Doc. 27.) On January 27, 2009, Magistrate Judge White issued his R&R recommending that this Court deny McClendon's motion to remand. (Doc. 49.) McClendon filed a single objection to the R&R on February 10, 2009, (Doc. 50), to which several of the Defendants responded on February 24, 2009 (Docs. 52-53). Accordingly, this motion is now ripe for adjudication. For the reasons articulated below, the Court **OVERRULES** McClendon's objection, **ADOPTS** the R&R, and, thus, **DENIES** McClendon's motion to remand (Doc. 17).

In addition, Defendant Hurd filed a motion for summary judgment on May 23, 2008. (Doc. 8.) On June 10, 2008, the Court granted McClendon's unopposed motion to delay the deadline for filing a response to Hurd's motion for summary judgment until thirty (30) days after the Court's Order resolving the motion to remand. For the reasons explained below, the Court hereby **TERMS** Hurd's motion for summary judgment (Doc. 8) without prejudice to re-filing after the Case

Management Conference in this matter.

I. **BACKGROUND**

The R&R accurately and succinctly sets forth the facts relevant to McClendon's motion to remand. In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the factual and procedural background. To the extent necessary, if any, the Court will elaborate on factual and/or procedural issues worthy of additional consideration. The following is a brief summary of pertinent facts.

Plaintiff Jacqueline McClendon, a citizen of Ohio, filed a class-action complaint against the Defendants in the Lorain County Court of Common Pleas in the Spring of 2008. McClendon, and the putative class members, purchased mortgage loan services from Defendant Challenge. Challenge is a wholly-owned subsidiary of Defendant PiggyBanker. Defendant Nations is a corporation who contracted with PiggyBanker to consolidate financial information between Challenge and PiggyBanker. Hurd, Barian, and Riley were officers and/or employees of Challenge. Likens was the President of PiggyBanker and the majority owner of Nations. In her class-action complaint, McClendon, on behalf of herself and those similarly-situated, alleges violations of the Ohio Mortgage Broker Act, O.R.C. §§ 1322.062 *et seq*. and breaches of common law fiduciary duties arising out of Challenge's conduct in connection with the sale of loan services.

On May 13, 2008, Defendants Nations and Likens filed a notice of removal citing the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the basis of removal. On June 12, 2008, McClendon filed her motion to remand. (Doc. 17.) In support of her motion, McClendon presented two arguments: (1) that the Defendants had not satisfied the amount in controversy requirement of the CAFA; and (2) that the CAFA "home state exception" requires remand.

McClendon then filed an unopposed motion to conduct jurisdictional discovery, which the Court granted on July 11, 2008. After requesting and receiving extensions of time to respond to McClendon's motion to remand, several of the Defendants filed responses in opposition to the motion to remand.[1] Nations, Likens, Riley, PiggyBanker, and Challenge filed responses in opposition to the motion to remand. (Docs. 34-36.) McClendon filed a reply (Doc. 41), a sur-reply and response to the sur-reply were filed (Docs. 44, 46), and Magistrate Judge White conducted a hearing on the motion on December 10, 2008.

## II. MAGISTRATE JUDGE WHITE'S R&R

In his R&R (Doc. 49), Magistrate Judge White addressed and rejected both of McClendon's arguments. First, he found that the Defendants had submitted sufficient admissible evidence – in the form of the Declaration of Christopher Faoro (Doc. 37-2) – to satisfy the amount in controversy requirement of CAFA.[2] Specifically, Magistrate Judge White analyzed the business records exception set forth in Rule 803(6) of the Federal Rules of Evidence and found that Faoro's Declaration falls within that exception. (R&R, Doc. 49 at 10-12.) Second, Magistrate Judge White found the "home state exception" of CAFA[3] inapplicable because at least one of the primary defendants is not an Ohio citizen. (*Id.* at 12-15.) Accordingly, Magistrate Judge White recommended that this Court deny McClendon's motion to remand. (R&R, Doc. 49.)

---

[1] The Defendants are: Challenge Financial Investors Corp. ("Challenge"), PiggyBanker Stock Company ("PiggyBanker"), Nations Holding Company ("Nations"), Daniel G. Hurd ("Hurd"), Harold Barian ("Barian"), Michael J. Riley ("Riley"), and Christopher M. Likens ("Likens") (collectively, "the Defendants").

[2] CAFA requires the amount in controversy to exceed $5,000,000.00, 28 U.S.C. § 1332(d)(2); Faoro's Declaration states that the damages at issue amount to $9,394,640.00. (Doc. 37-2.)

[3] 28 U.S.C. § 1332(d)(4)(B).

### III. MCCLENDON'S OBJECTION TO THE R&R

On February 10, 2009, McClendon timely filed a single objection to Magistrate Judge White's R&R. As stated in her Objection:

> Plaintiff specifically objects to that portion of the Report and Recommendation (Doc. No. 49) at which the Magistrate Judge "concludes that Faoro's Declaration . . . can be properly considered for CAFA jurisdiction," and thus that "Defendants have established the amount-in-controversy requirement of CAFA."

(Doc. 50 at 1.) In other words, McClendon objects to Magistrate Judge White's conclusion that Faoro's Declaration is admissible evidence for purposes of establishing the amount-in-controversy requirement of the CAFA pursuant to the business records exception at Rule 803(6) of the Federal Rules of Evidence. McClendon did not object to Magistrate Judge White's recommendation with respect to the "home state exception" of CAFA, or any other aspect of the R&R.

### IV. STANDARD OF REVIEW

In cases that are referred to a magistrate judge for preparation of a R&R, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Federal Magistrates Act, however, requires that a district court conduct a *de novo* review only of those portions of a R&R to which the parties have made an objection. *Id.* Because McClendon did not object to any portion of the R&R other than Magistrate Judge White's conclusion that the amount in controversy is satisfied based on Faoro's Declaration, the Court adopts the remainder of the R&R without further discussion of the other issues raised in McClendon's motion to remand. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Crum v. Sullivan*, 921 F.2d 642, 645 n.1 (6th Cir. 1990); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Accordingly, pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of the portion of the R&R related to the amount in controversy requirement and the

business records exception, Federal Rule of Evidence 803(6).

## V. DISCUSSION

McClendon does not dispute that the CAFA amount-in-controversy requirement is satisfied if the Court can consider Faoro's Declaration in its analysis. (Doc. 49 at 10.) The only issue McClendon raises in her objection is whether the Faoro Declaration may be considered. She argues that it should not be considered because it is hearsay not within the exception for business records, Fed. R. Evid. 803(6).

### A. THE FAORO DECLARATION & DEPOSITION TESTIMONY

Christopher Faoro is employed in the finance department of Defendant Nations. He has been in the position since 2001. His job is to consolidate financial statements for Nations' clients, including Challenge. Consequently, although Challenge is now defunct, he has access to the electronic database containing and preserving all of Challenge's financial and accounting information. The Challenge database includes all of the information related to loan origination, payment history, and other information for loans Challenge serviced. At his deposition, Faoro explained how the database was created and populated by Challenge. He testified that "[t]he accountants that were employed by Challenge . . . would have entered the information into the electronic accounting system the way really any business would." (Faoro Dep., Doc. 41-2 at 31.) He further testified that "[t]he majority of the information would be keyed from some type of source document by the accountants, but certain information, like your bank statement information, may be downloaded directly from the bank." (*Id.* at 32.)

Faoro's Declaration consists of two parts: (1) his statement explaining that he ran a Revenue Report from the Challenge database to determine the amount of revenue associated with the loans

-5-

related to this class action and (2) the Revenue Report itself, a spreadsheet reflecting the total revenue associated with the loans at issue as $9,394,640.00. (Doc. 37-2.) In the Declaration and at his deposition, Faoro explained that, in order to generate the Revenue Report, he accessed the Challenge database, established parameters based on the definition of the class in this case, and generated the attached report. Thus, the Revenue Report reflects the financial information in the Challenge database related to the loans at issue in this case. (Doc. 37-2.)

### B.     FEDERAL RULE OF EVIDENCE 803(6)

Known as the "business records exception," Federal Rule of Evidence 803(6) is an exception to the general rule against hearsay. Rule 803(6) provides:

> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Civ. P. 803(6). The parties agree that the R&R correctly recites the four requirements which must be met to satisfy Rule 803(6).

> The business record exception sets forth the following four requirements for admissibility of documents that are otherwise hearsay: 1) the document must have been made in the course of a regularly conducted business activity; 2) the document must have been kept in the regular course of that business; 3) the regular practice of that business must have been to have made the document; and 4) the document must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

(R&R, Doc. 49 at 11 (citing *Pullins v. Klimley*, 2008 WL 85871, at *32 (S.D. Ohio Jan. 7, 2008)

(citing *United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir. 1998)).) Rule 803(6) also requires the document to be presented through "the testimony of the custodian or other qualified witness[.]" Fed. R. Evid. 803(6). A "qualified witness" is a person familiar with the record-keeping procedures of the organization, but the person need not have control of the record or personal knowledge of its preparation. *See Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 575-76 (6th Cir. 1999).

McClendon contests each of these requirements.

### C. THE FIRST THREE REQUIREMENTS OF RULE 803(6) ARE SATISFIED

McClendon argues that Faoro's Declaration does not satisfy the first three requirements of the business records exception because the report was made for purposes of this litigation, not made and kept "in the course of regularly conducted business activity," and not prepared routinely. These arguments fail for one simple reason: McClendon misidentifies the "business record" at issue. The Challenge database is the business record, not the Revenue Report Faoro generated. A computer database is a business record when the data was entered into the computer in the regular course of business. *See United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir. 1998). The Sixth Circuit, moreover, recently held that a "statistical run" from a computer database is a "business record" pursuant to Rule 803(6). *United States v. Moon*, 513 F.3d 527, 545 (6th Cir. 2008) (citing *United States v. Russo*, 480 F.2d 1228, 1239-41 (6th Cir. 1973)). Faoro's deposition testimony clearly indicates that the Revenue Report is a statistical run based on data entered and preserved in the regular course of business. Accordingly, the Court finds that the first two requirements of Rule 803(6) are satisfied here.

Similarly, the third requirement is satisfied because it was Challenge's regular practice to maintain and update the database. Reliability is the basis of the business records exception to the

general rule against hearsay evidence. *Weinstock*, 153 F.3d at 276. Regularly prepared records are particularly reliable because the person creating the record has a strong incentive to be accurate. *Id*. Here, Faoro explained that Challenge accountants regularly updated the Challenge database in connection with mortgage loans and downloaded financial information directly from banks. As this information was clearly critical to Challenge's core business – loan servicing – the accountants had every reason to be accurate and to regularly maintain and update the Challenge database.

### D. THE FOURTH REQUIREMENT OF RULE 803(6) IS SATISFIED

The fourth requirement is that "the document must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge." (R&R, Doc. 49 at 11.) Faoro explained that the Challenge database was created and maintained by Challenge accountants and populated with information downloaded directly from banks – individuals with personal knowledge of the information entered into the database. The Defendants have not submitted any evidence undermining Faoro's deposition testimony that the Challenge accountants had personal knowledge of the information in the database used to create the Revenue Report. Accordingly, the fourth requirement of Rule 803(6) is satisfied.

### E. FAORO IS QUALIFIED TO PRESENT THE BUSINESS RECORD

Faoro is a "qualified witness" under Rule 803(6) because he is familiar with the record-keeping procedures of Challenge. His deposition testimony quoted above, in which he describes Challenge's record-keeping procedures, is sufficient to establish this fact. Moreover, the fact that Faoro has ongoing access to the Challenge database and the expertise to input data parameters and generate the Revenue Report indicates that he is quite familiar with the Challenge database. As the Sixth Circuit has noted, "the phrase 'other qualified witness' is given very broad interpretation."

-8-

*United States v. Baker*, 458 F.3d 513, 518 (6th Cir. 2006) (omitting citations); *see also Dyno Constr. Co.*, 198 F.3d at 576 (citing *Zayre Corp. v. S.M. & R. Co.*, 882 F.2d 1145, 1150 (7th Cir.1989) "(noting that a person qualified to lay the foundation under Rule 803(6) need not even be an employee of the entity keeping the records, as long as the witness understands the system by which they are made)."). Therefore, the fact that Faoro is not an employee of Challenge does not preclude him from presenting the business record.

Accordingly, the Court **OVERRULES** the Defendants' objection and **ADOPTS** Magistrate Judge White's recommendation finding that the Faoro Declaration falls within the business records exception of Rule 803(6) of the Federal Rules of Evidence. Consequently, the amount in controversy requirement of the CAFA is satisfied.

## VI. DEFENDANT HURD'S MOTION FOR SUMMARY JUDGMENT

Defendant Daniel Hurd filed a motion for summary judgment (Doc. 8) very early on in this case. In fact, Hurd filed his motion before McClendon's motion to remand was filed, before the motion for jurisdictional discovery was filed and granted, and before a Case Management Conference was even on the horizon. McClendon filed a motion for an extension of time to respond to Hurd's motion for summary judgment until thirty (30) days after the Order resolving the motion to remand. The extension was unopposed, and the Court granted it.

Under these circumstances, the Court finds that the most equitable, efficient and appropriate procedure is to **TERM** Hurd's motion for summary judgment (Doc. 8) without prejudice to re-filing within thirty (30) days of the Case Management Conference. This approach will allow Hurd the benefit of the discovery that has occurred since he filed his motion, instead of forcing him into the awkward position of potentially having to raise factual issues for the first time in his reply brief.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Jacqueline McClendon's objections to Magistrate Judge White's R&R (Doc. 49) are **OVERRULED** and the Court hereby **ADOPTS** the R&R in its entirety. McClendon's motion to remand (Doc. 17) is **DENIED** accordingly.  In addition, Defendant Daniel Hurd's motion for summary judgment (Doc. 8) is **TERMED** without prejudice to re-filing within thirty (30) days of the Case Management Conference, which will be scheduled shortly.

**IT IS SO ORDERED.**

                                          **s/Kathleen M. O'Malley**
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: March 9, 2009**